## AMERICAN DEVELOPMENT GROUP, INC.

v.

## S.H. BROOKES, et al.

v.

## Kathleen S. PETTUS, et al.

### Civ. A. No. 83-0788-R.

United States District Court,
E.D. Virginia,
Richmond Division.

July 6, 1984.

Kennon C. Walden, Jr., Walden & Walden, P.C., Blackstone, Va., E.P. Lancaster, Farmville, Va., for plaintiff.

James W. Hopper, J. Alan Ridenour, Gardner, Moss, Brown & Hopper, Richmond, Va., Alexander W. Bell, Bell, Morrison & Spies, Lynchburg, Va., for defendants.

## OPINION

WARRINER, District Judge.

Third-party defendant and cross-claim defendant Kathleen S. Pettus joined in a deed conveying land owned by her husband. She and her husband were identified in the deed as "parties of the first part." The deed further stated that "the said parties of the first part do hereby grant, bargain, sell, and convey unto the ... parties of the second part, with General Warranty and English Covenants of Title, all their one-third undivided interest in and to the following described property...."

The question presented by third-party defendant Kathleen S. Pettus' motion to dismiss is whether the provisions of the deed, above quoted, bind her to the grantees under the general warranty and under the English covenants of title. The parties agree if she is not so bound she should be dismissed as a third-party defendant.

Mrs. Pettus points out in her brief that it is plain from the pleadings that her husband was the owner of the land and that her only interest therein was her inchoate right of dower. She then points to Va. Code § 55-41 which reads as follows:

*Conveyance from husband and wife; effect on right of wife or husband.* —When a husband and his wife have signed and delivered a writing purport-

ing to convey any estate, real or personal, such writing, whether admitted to record or not, shall operate to convey from the spouse her right of dower or his right of curtesy in the real estate embraced therein, and pass from such spouse and his or her representatives all right, title, and interest of every nature which at the date of such writing he or she may have in any estate conveyed thereby as effectually as if he or she were at such date an unmarried person. If the writing be a deed conveying a spouse's land, no covenant or warranty therein on behalf of the other spouse joining in the deed shall operate to bind him or her any further than to convey her or his interest in such land, unless it be expressly stated that such spouse enters into such covenant or warranty for the purpose of binding himself or herself personally.

The facts as alleged being undisputed the only question to be determined is the legal force and effect of the Code provision above quoted. The parties agree that the provision, in this context, has not been construed by a court of the Commonwealth. Having considered the language of the statute and the argument of counsel, I believe the Supreme Court of Virginia would conclude that Mrs. Pettus is not bound by the warranty or the English covenants.

Third-party plaintiff argues that Mrs. Pettus, having been identified as one of the "parties of the first part," specifically engaged herself to generally warrant the title and to be bound by the English covenants. Third-party plaintiff is, of course, correct in this assertion. The face of the deed makes no distinction between husband or wife insofar as the warranty and the covenants are concerned. Thus it would appear from the face of the deed that both are equally bound.

But such language in the deed is specifically contemplated by the statute. The statute says, "no covenant or warranty [in a deed] shall operate to bind ... her any further than to convey her ... interest in such land...." This language makes clear that the writers of the statute understood the phraseology as contained in the instant deed has been, was, and would continue to be found in deeds. The very purpose of the statute was to remove from this much-used language the operative effect of binding the dower- or curtesy-conveying spouse to the burden of defending the purchaser's good title or guaranteeing him quiet possession and the like.[1]

Such burdens will be placed upon the non-landowning spouse only when such spouse expressly states in the deed that she "enters into such covenant or warranty for the purpose of binding ... herself personally." No such language appears expressly in the instant deed. I would assume that the requisite language would be to the effect that: "Jane Doe, wife of the grantor John Doe, in addition to conveying hereby her inchoate right of dower and any other interest she has or may have in the above described real estate, expressly conveys the same with general warranty and with English covenants of title with the intention of binding herself personally to such warranty and covenants."

Neither that language nor any language similar thereto appears in the deed in question in the instant suit. Accordingly, the exception to the general rule in Va.Code § 55–41 has not been met and the non-landowning spouse, Mrs. Pettus, has no obligation to any grantee with respect to a general warranty of title or with respect to the English covenants. It follows that she should be and is hereby DISMISSED as a third party defendant.

She is also for different reasons DISMISSED as a party defendant to the cross-claim.[2]

And it is so ORDERED.

---

1. The construction of the terms "with general warranty" and "with English covenants of title" is found at Va.Code § 55–70 and §§ 55–71 to –74.

2. Cross-claimants concede that Mrs. Pettus, a non-party, cannot be proceeded against on a cross-claim.